UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMONWEALTH PLAZA CONDOMINIUM ASSOCIATION, an Illinois Not-For-Profit Corporation; SUHAIL AL CHALABI; VIRGINIA M. HARDING; and DARREN MOSS, <br><br>  Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a Municipal Corporation; <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) |

## **COMPLAINT**

Now come Plaintiffs, Commonwealth Plaza Condominium Association, an Illinois Not-For-Profit Corporation, Suhail al Chalabi, Virginia M. Harding, and Darren Moss, and by and through their attorneys, McGuireWoods LLP, state as follows:

## **NATURE OF THE ACTION**

1. This action arises under the Fourteenth Amendment to the Constitution of the United States and the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs contend that in their opposition to approval of a legislative zoning amendment affecting their property interests, they were deprived of both substantive and procedural due process. As was decided by the Circuit Court of Cook County, Illinois, the zoning amendment approved by the City of Chicago in this case violated the City's own applicable laws. However, the trial and appellate courts reviewing the matter held that under Illinois law, such violations do not deprive property owners of due process of law. The Supreme Court of Illinois denied plaintiffs' Petition for Leave to Appeal.

2. Jurisdiction is based upon 28 U.S.C. §1331 and 1343(c) and the Constitution of the United States.

## **PARTIES**

3. At all times herein, plaintiff Commonwealth Plaza Condominium Association ("Commonwealth Plaza") was, and is, a non-profit corporation, organized under the laws of Illinois, and owns property at 330-340 West Diversey Parkway, Chicago, within 250 feet of the property owned and/or controlled by Resurrection Health Care Corporation and Saint Joseph Hospital, and which property was rezoned to Institutional Planned Development No. 1019 by the City of Chicago by amendments to the Chicago Zoning Ordinance on July 28, 2006.

4. Suhail al Chalabi is the Vice President of Commonwealth Plaza. Mr. al Chalabi, Virginia M. Harding and Darren Moss are owners of separate properties at 330-340 West Diversey Parkway, which are within 250 feet of the property owned and/or controlled by defendants Resurrection Health Care Corporation and Saint Joseph Hospital, and which property was rezoned to Institutional Planned Development No. 1019 by amendments to the Chicago Zoning Ordinance on July 28, 2006.

5. Defendant, the City of Chicago (the "City") is a home rule municipal corporation and has been notified of this action by the service of a copy of a summons and complaint on its Mayor as its chief executive officer.

6. Resurrection Health Care Corporation and Saint Joseph Hospital, both non-profit corporations, organized under the laws of Illinois, have been served with notice of the filing of this Complaint, and plaintiffs will not object if they seek to intervene in this action as interested parties.

**FACTUAL BACKGROUND**

7. In July 2000, a Zoning Reform Commission was created to comprehensively revise the Chicago Zoning Ordinance. Over the next few years, the Commission held over sixty meetings and public hearings to take testimony from shareholders and concerned citizens on the proposed revisions. From 2002 to 2004, the City of Chicago City Council, through its Committee on Zoning, held seven separate hearings on proposed revisions to the Chicago Zoning Ordinance. See Exhibit 1. As a result of these hearings, and for the first time in almost fifty years, the Chicago Zoning Ordinance was completely revised. These new laws were enacted and took effect on November 1, 2004, attached at Exhibit 2.

8. Specific sections of the Chicago Zoning Ordinance (attached at Exhibit 3) are at issue here, namely:

> A. **§17-13-0601 – Planned Developments – Purpose**. This provision, which introduces planned development ordinances, "sets forth the procedures for review and approval of planned developments."
>
> B. **§17-8-0901 – Uses, Bulk, Density and Intensity**. The provision (incorporated by reference in §17-13-0609(A), was enacted for the first time by the 2004 amendments to the Chicago Zoning Code. It subjects planned developments "to strict compliance with the floor area ratio *s*tandards of the zoning district applicable to the subject property immediately before approval of the planned development." It also requires "substantial compliance" with the "use" standards of the preceding zoning district.

3

   **C. §17-13-0612 – Lapse of Approval**. This provision sets forth requirements for prompt commencement and diligent pursuit of construction of planned developments, and requires a construction schedule for a "multi-phase development" such as Institutional Planned Development No. 1019 ("IPD 1019"). If these requirements are not met, then "the planned development ordinance will lapse and be null and void" and the subject property rezoned "to the zoning classification that applied before approval of the planned development."

   **D. §17-1-1002 – Conflict with Other City Regulations**. This provision mandates that if any provisions of the Zoning Ordinance are inconsistent with one another or if they conflict with other adopted ordinances, the ordinance imposing greater restriction will control.

9. By Illinois State Statute, 65 ILCS 5/11-13-25, "[T]he principles of substantive and procedural due process apply at all stages of the decision-making and review of all zoning decisions." See Exhibit 4.

10. On March 12, 2004, and revised May 19, 2006, an application was filed by Resurrection Health Care for an Institutional Planned Development amendment to the Chicago Zoning Ordinance to rezone the property adjacent to plaintiffs, from RM-6.5 and RM-.5 to RM-6 and B3-5 and simultaneously to the IPD.

11. After public hearings in which plaintiffs were noticed, appeared and filed objections, and after receiving recommendations of approval from the Chicago Plan Commission and the Zoning Committee of the City Council of Chicago, the City Council amended the

Chicago Zoning Ordinance establishing IPD No. 1019 (attached as Exhibit 5), effective July 28, 2006.

12. On October 24, 2006 Plaintiffs filed a complaint in the Circuit Court of Cook County, Illinois, amended on June 11, 2008, against the City of Chicago and other defendants claiming that the ordinance passed by the City Council rezoning the sites in question to IPD No. 1019 violated plaintiffs' constitutional rights under the due process clauses of the United States and Illinois Constitutions. U.S. Const. amend XIV; Ill, Const. 1970 art. I, § 2. The Amended Complaint, without exhibits, is attached as Exhibit 6.

13. On December 14, 2007, Judge Sophia Hall, Circuit Court of Cook County, Illinois, ruled on Plaintiffs' Motion for Partial Summary Judgment attached as Exhibit 7. In that decision, the Court ruled that IPD 1019 violated the lapse provision of the Chicago Zoning Ordinance §17-13-0612 ("The effect of this is to carve an exception out for the IPD 1019 which is not provided for by the Chicago Zoning Ordinance." (Ex. 7, pp. 3-4). Next, the Court ruled that IPD 1019 violated the "use" and "density" provisions of §17-8-0901 and that to allow for the same ordinance to change the zoning classification of the property and establish the planned development [IPD 1019] would render the "immediately before" language in the Zoning Ordinance [§17-8-0901] superfluous. (Ex. 7, pp. 5-8). In conclusion, the Circuit Court ruled that "IPD 1019 is in violation of the Chicago Zoning Ordinance and is void." (Ex. 7, p. 8.)

14. On April 23, 2008, after a hearing on defendants' Motion for Reconsideration, Judge Hall affirmed the Court's "analysis finding three inconsistencies between the Chicago Zoning Code and IPD 1019," but granted defendants' motions with respect to the Decision of December 14, 2007, "only to the extent that IPD 1019 is void." (See Exhibit 8.)

15. On August 20, 2008, the Court granted defendants' Joint Motion for Partial Summary Judgment, holding that the Court's prior ruling that IPD 1019 is not in compliance did not support an order invalidating the IPD. The Court also entered a finding under Illinois Supreme Court Rule 304(a) that allowed for an immediate appeal of the Order. See Exhibit 9. On August 22, 2008, Plaintiffs filed a Notice of Appeal to the Appellate Court of Illinois, 1st District. Briefs from the parties were filed and oral argument was held.

16. On March 5, 2010, after granting the defendants' Motion to Publish (Ex. 10), the Appellate Court affirmed the Circuit Court's decision granting defendants' Motion for Partial Summary Judgment. (Exhibit 11.) The Court ruled that, "The IPD ordinance enacted by the city council in this case is not rendered unconstitutional simply because this municipality, a home rule unit, violated its own self-imposed ordinances in enacting the IPD ordinance." (Ex. 11, p. 16). The Court ruled that it "need not reach the alternate ground that defendants urged in support of the judgment below, namely, that the IPD is not actually at odds with the Chicago Zoning Ordinance. (Ex. 11, p. 27-28.)

17. On May 26, 2010, the Illinois Supreme Court denied plaintiffs' Petition for Appeal as a Matter of Right, and Alternative Petition for Leave to Appeal. (Exhibit 12.)

18. On January 12, 2011, plaintiffs' action in the Circuit Court of Cook County was dismissed with the agreement of the parties, and without prejudice. (Exhibit 13.)

19. Plaintiffs have exhausted all state remedies provided by law or equity on the claims asserted below, and thus appeal to this Court for the relief requested.

## COUNT I

### Deprivation of Substantive Due Process

20. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 19 as though fully stated herein.

21. In amending the Chicago Zoning Ordinance establishing Institutional Planned Development No. 1019, the City of Chicago violated its own applicable laws and in doing so, deprived plaintiffs of substantive due process afforded by the Fourteenth Amendment to the United States Constitution.

## COUNT II

### Deprivation of Procedural Due Process

22. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 19 as though fully stated herein.

23. §17-13-0600 Planned Developments, of the Chicago Zoning Ordinance sets forth the "procedures for review and approval of planned developments" including the procedures set forth in Paragraph 8 above, which plaintiffs claim, and has been held, were violated by defendant.

24. In amending the Chicago Zoning Ordinance establishing Institutional Planned Development No. 1019, the City of Chicago violated its own procedures and in doing so, deprived plaintiffs of procedural due process afforded by the Fourteenth Amendment to the United States Constitution.

**RELIEF REQUESTED**

Based upon the allegations set forth above, plaintiffs seek a declaration by this Court that the enactment by defendant City of Chicago of the Chicago Zoning Ordinance amendment establishing IPD No. 1019, was a per se violation of plaintiffs' due process rights under the Fourteenth Amendment of the Constitution of the United States, and is therefore void. Plaintiffs also seek to recover attorney fees, costs and expenses, and such other relief as this Court deems just.

Dated: May 2, 2011

Respectfully submitted,

COMMONWEALTH PLAZA CONDOMINIUM ASSOCIATION , SUHAIL AL CHALABI, VIRGINIA M. HARDING, and DARREN MOSS


By: /s/ Reuben L. Hedlund
One of Their Attorneys

Reuben L. Hedlund, # 1171070
Jason J. Weigand, # 6302117
McGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1664
Tel. (312) 849.8100
Fax (312) 558.4378
*Counsel for Plaintiffs*

\30556755.3