**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH PLAZA | ) | |
| CONDOMINIUM ASSOCIATION, an | ) | |
| Illinois not-for-profit corporation; | ) | |
| SUHAIL AL CHALABI; VIRGINIA M. | ) | Case No. 11 C 02923 |
| HARDING; AND DARREN MOSS, | ) | |
| | ) | Judge Marvin E. Aspen |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAINT JOSEPH HOSPITAL, an Illinois | ) | |
| not-for-profit corporation, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE IN**
**OPPOSITION TO ALBERT C. HANNA'S MOTION TO INTERVENE**

Defendant City of Chicago (the "City), by its attorney, Stephen R. Patton, Corporation

Counsel for the City of Chicago, hereby files its Response in Opposition to Albert C. Hanna's

Motion to Intervene,[1] and states as follows:

**INTRODUCTION**

Albert C. Hanna ("Hanna"), who currently has a case pending against the City of Chicago

---

[1] The City also adopts and incorporates fully herein the additional arguments made in defendant-intervenor Saint Joseph Hospital's Opposition to Albert C. Hanna's Motion to Intervene, namely that Hanna's Motion to Intervene fails to comply with Fed. R. Civ. P. 24(c) because he did not attach his proposed pleading. In addition, the City joins with Saint Joseph Hospital in requesting that, in the interest of judicial economy, this Court defer ruling on Hanna's Motion until after the Court rules on the defendants' motions to dismiss which may dispose of the instant case entirely.

in the Circuit Court of Cook County (*Hanna v. City of Chicago*, Case No. 06 CH 19422), seeks permissive intervention in the instant matter pursuant to Fed. R. Civ. P. 24(b)(1)(B). Hanna claims that his case shares a common question of law with Count I of the instant Plaintiffs' Amended Complaint ("Complaint" or "Compl."). In the *Hanna* litigation, Hanna and another plaintiff allege that the City of Chicago's Landmarks Ordinances and two individual landmark districts are unconstitutionally vague and violate their substantive due process and equal protection rights pursuant to the Illinois Constitution. In the instant case, Plaintiffs are a condominium association and several condominium owners who challenge, under the due process clause of the Fourteenth Amendment to the United States Constitution, the Chicago City Council's approval of an institutional planned development, for property owned by Resurrection Health Care Corporation and Saint Joseph Hospital.

Hanna's Motion to Intervene and Memorandum in Support ("Hanna's Memorandum" or "Hanna's Mem."), however, fail to meet the requirements for intervention. Hanna has not and cannot demonstrate that there are common questions of law between his case and the instant action. Hanna challenges the landmarks ordinance (Chapter 2 of the Chicago Municipal Code) under the Illinois Constitution. Here, the Plaintiffs challenge under the United States Constitution whether the planned development ordinances (Chapter 17 of the Chicago Municipal Code) were followed for the approval of a single institutional planned development. Plaintiffs also allege here that the Illinois Appellate Court's decision against them in *Commonwealth Plaza v. City of Chicago*, 399 Ill. App. 3d 32 (1st Dist. 2010), *app. denied*, 236 Il.2d 552 (2010) ("*Commonwealth Plaza*"), which challenged the same institutional planned development at issue here, created a rule of law, which violates their federal due process rights. Hanna fails to link in any meaningful way the federal

2

allegations here with the Illinois constitutional issues in his case. In addition, the Court lacks

independent jurisdiction over Hanna. Finally, allowing Hanna to intervene will have a negative

effect on the original parties in this case. Hanna's case is much more complex, is unrelated to the

claims here, and will unnecessarily complicate this case. As explained more fully below, for these

reasons, the Court should deny Hanna's motion to intervene.

## LEGAL STANDARD FOR PERMISSIVE INTERVENTION

Under Fed. R. Civ. P. 24(b)(1)(B), a court may grant an individual's request to intervene if

(1) the request is made timely, (2) the movant "has a claim or defense that shares with the main

action a common question of law or fact," and (3) the movant has an independent basis for

jurisdiction. Fed. R. Civ. P. 24(b)(1)(B); *Ligas v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). If the

movant demonstrates that his or her claim and those in the main case share common issues of law

or fact, and also shows that there is independent jurisdiction, the decision to grant intervention is

solely within the discretion of the Court. *Ligas*, 478 F.3d at 775; *Security Ins. Co. of Hartford v.*

*Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). The Court, however, in exercising its

discretion, "must give some weight to the impact of the intervention on the rights of the original

parties." *Security Ins.*, 69 F.3d at 1381.

## ARGUMENT

Hanna seeks to intervene in the instant action, claiming that "the same legal question

presented in Count I of the main action is currently presented in the Hanna Litigation." Hanna's

Mem. at 1. As discussed more fully below, however, the Court should deny Hanna's request because

(1) there is no common legal question, (2) Hanna lacks an independent basis for jurisdiction, (3) the

intervention would unduly complicate the original case, and (4) Hanna will suffer no prejudice if the

Court denies his Motion.

## I.     There Are No Common Questions of Fact or Law.

Hanna's sole basis for intervention is his claim that Count I of Plaintiffs' Complaint raises the same legal issue presented in Hanna's case, which is currently pending in the Circuit Court of Cook County, Illinois. An examination of both cases, however, reveals that the instant case, which concerns the validity under federal constitutional law of an institutional planned development approved by the Chicago City Council, has nothing in common with Hanna's case, which relates to the validity, under Illinois constitutional law, of the Chicago Landmarks Ordinance and two individual landmark districts in Chicago.

### A.     The Claims Raised by the Commonwealth Plaza Plaintiffs.

In the instant case, Plaintiffs are a condominium association and several individuals who are unhappy with the Chicago City Council's approval of a zoning amendment, allowing for an Institutional Planned Development ("IPD") of property owned by Resurrection Health Care Corporation and Saint Joseph Hospital, which Plaintiffs allege is located within 250 feet of Plaintiffs' property. Compl., ¶¶ 1, 3-4. Plaintiffs challenge the IPD solely under the United States Constitution's Fourteenth Amendment. Compl., ¶¶ 1, 23, 25, 28.

As set forth more fully in the City's Motion to Dismiss, this is not the first time Plaintiffs have challenged the IPD. In October 2006, Plaintiffs filed a complaint in the Circuit Court of Cook County against the City and other defendants challenging the validity of the IPD on two pertinent bases: (1) that the ordinance creating the IPD was void because it was in conflict with the City's Zoning Ordinance and (2) that the enactment of the IPD violated their procedural and substantive due process rights under the United States and Illinois Constitutions. *See* Ex. 6 to Compl., ¶¶ 20-27.

The trial court granted summary judgment for defendants on the first of the two claims. On appeal, the First District Appellate Court of Illinois found that "The IPD ordinance enacted by the city council in this case is not rendered unconstitutional simply because this municipality, a home rule unit, violated its own self-imposed ordinances in enacting the IPD ordinance." *Commonwealth Plaza*, 399 Ill. App. 3d at 43. In January 2011, the parties agreed to dismiss the remaining claims in the action in the Circuit Court of Cook County without prejudice. Compl., ¶ 19.

Plaintiffs then filed the instant case in federal court, raising the same claims that were at issue and decided in the first action in state court. In Count I of the Complaint, Plaintiffs assert that, as a result of the decision by the Illinois First District Appellate Court (in their original state court action), "[i]t is now binding law in Cook County, Illinois . . .that a home rule municipality may violate its own, duly enacted laws in adopting or amending a zoning ordinance. . . . " Compl., ¶ 22. Plaintiffs ask this Court to overrule the state appellate court by declaring "that home rule municipalities . . . must comply with their own laws in approving amendment of an existing zoning ordinance. . . ." Compl., Count I, Prayer for Relief. Counts II and III, respectively, seek to recover for alleged substantive and procedural due process violations, under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, for the City Council's alleged failure to follow the ordinances related to the approval of planned developments (Chapter 17 of the Chicago Municipal Code), when the City Council enacted the IPD. Compl., ¶¶ 8, 25, 27, 28.

Currently pending in this matter are the City's and the defendant-intervenor Saint Joseph Hospital's motions to dismiss Plaintiffs' Complaint based on *res judicata*, collateral estoppel, statute of limitations, and the *Rooker-Feldman* abstention doctrine.

**B.    The Claims Raised in Hanna's Complaint.**

In *Hanna v. City of Chicago*, Case No. 06 CH 19422, Hanna and another plaintiff, in a 21-count, 304-paragraph, Third Amended Verified Complaint, challenge the City's Landmarks Ordinance, as well as two landmark district ordinances passed by the Chicago City Council, in which Hanna and the other plaintiff's properties are located.  *See* Ex. A to Hanna's Mem.  The Hanna plaintiffs allege that the Chicago Landmarks Ordinance is vague and an unconstitutional delegation of authority pursuant to Article I, § 2 and Article IV, § 2 of the Illinois Constitution (Counts I-III), that the two individual landmark district ordinances challenged are vague and ambiguous pursuant to Article I, § 2 of the Illinois Constitution (Counts IV-V), and that the two landmark districts violate the equal protection and substantive due process provisions of Article I, § 2 of the Illinois Constitution (Counts VI-XXI).

Every one of the 21 counts of Hanna's Third Amended Verified Complaint specifically states that the allegations pertain to the Illinois Constitution.  There are no allegations that relate to the U.S. Constitution.  Moreover, the issue in *Hanna* is whether the City of Chicago's Landmarks Ordinances (Chapter 2 of the Chicago Municipal Code) are vague and whether the two specific landmark districts that allegedly affect the *Hanna* plaintiffs' properties pass muster under the Illinois Constitution. There are no allegations in Hanna's Complaint that relate in any way to planned developments in general or specifically to the Resurrection Health Care Corporation/Saint Joseph Hospital IPD, which is at issue in the instant case.

The *Hanna* case is currently pending in Circuit Court of Cook County after the Illinois Appellate Court reversed and remanded the trial court's grant of a motion to dismiss pursuant to 735

ILCS 5/2-615.[2]  *See Hanna v. City of Chicago*, 388 Ill. App. 3d 909 (1st Dist. 2009).

> C.    **Common Questions Claimed by Hanna.**

Hanna claims that a central question in his pending case is whether if, on remand, the state

trial court finds the Chicago Landmarks Ordinance vague pursuant to Article I, § 2 of the Illinois

Constitution, the two individual landmark districts are also invalid because they must have

necessarily been evaluated by the City Council under the vague criteria, or whether the City Council

could have validly adopted the two individual landmark districts independent of the criteria in the

general Landmarks Ordinance.  Hanna's Mem. at 4.  Hanna claims that the City's main legal

argument will be that the question of the vagueness of the City's Landmarks Ordinance is irrelevant

because the City Council was not required to follow its own ordinances when deciding whether to

enact the two landmark districts at issue in *Hanna*, based on *Landmarks Preservation Council of*

*Illinois v. City of Chicago*, 125 Ill.2d 163, 179-80 (1988), the main case relied on by the Illinois

Appellate Court in the *Commonwealth Plaza* state court decision.  Hanna's Mem. at 5.

Thus, Hanna argues that Count I in the instant case presents the same legal issue as the Hanna

litigation – whether "a home rule municipality may violate its own, duly enacted laws" when

enacting zoning ordinances.  Hanna's Mem. at 8-9, quoting Compl., ¶ 22.  Although the issue of

whether the City is constitutionally permitted to disregard its own ordinances in enacting new laws

*may arise* as a defense in the *Hanna* case, the City disagrees that this is the *central* issue for Hanna's

---

[2]  The City disagrees with several of Hanna's characterizations of the Illinois Appellate Court's decision.  For example, contrary to Hanna's statement, the Appellate Court did not hold that the landmark designation criteria in Chicago Municipal Code § 2-120-620 were "unconstitutionally vague" or "invalid."  *See* Hanna's Mem. at 3, 4.  Rather, the Appellate Court held that the plaintiffs stated claims for vagueness and that the trial court should not have dismissed their claims.  *Hanna v. City of Chicago*, 388 Ill. App. 3d 909, 916 (1st Dist. 2009).  The Appellate Court remanded the case to the trial court for further proceedings.  *Id.* at 921.

vagueness challenges to the two individual landmark districts (Counts IV and V).[3]  However, even if this legal question may become an issue in *Hanna*, because the two cases have very different legal and factual contexts, consideration of this legal question in the instant case will have little, if any, relevance to the *Hanna* case.  Specifically, Count I of the Plaintiffs' Complaint, on which Hanna's Motion to Intervene relies, alleges that the law created by the Illinois Appellate Court in *Commonwealth Plaza* is a violation of Cook County property owners' federal due process rights.  Compl., ¶¶ 22, 23.  Hanna does not claim that this federal due process violation allegedly caused by the *Commonwealth Plaza* decision is at issue in *Hanna*, nor can he.  *Commonwealth Plaza* is not mentioned once in any of the 304 paragraphs in Hanna's Third Amended Complaint.  *See* Hanna's Mem., Ex. A thereto.

In addition, in *Hanna*, the plaintiffs are seeking to invalidate Chicago's landmarks ordinances and two specific landmark districts enacted by the City Council.  Here, Plaintiffs' are seeking to invalidate an institutional planned development.  Hanna fails to explain why if the Court invalidates the IPD here, or declares *Commonwealth Plaza* violative of federal due process, his case would be affected at all.  The Circuit Court in *Hanna* has to evaluate whether the landmarks ordinance and the two districts are vague, and a decision on an unrelated IPD would not assist the *Hanna* court at all.

Hanna also fails to explain why the Circuit Court would be bound by what this Court decides.  At most, even if the claims had some sort of connection with each other (which they do not), a

---

[3]  Hanna claims that Counts IV and V of his Third Amended Verified Complaint raise the same legal question at issue in Count I in the instant case.  This is not so.  Counts IV and V of Hanna's Complaint challenge the two individual landmark districts based on vagueness, as violative of Art. I, § 2 of the Illinois Constitution.  Hanna makes no claim that the City failed to follow its own ordinances, or that such action would be unconstitutional.  Moreover, Hanna's flimsy attempt to create a connection between this case and his is based solely on the partial quote from a footnote in the City's reply in support of its status report in Hanna's state trial court case.

federal district court's decision is not binding on the state's trial court, and would merely be persuasive authority.

Thus, other than intone that this case and *Hanna* may share a very generalized common legal question, Hanna fails to demonstrate that actual common questions of fact or legal claims exist between the cases.

## II.     Hanna Lacks Jurisdiction to Intervene.

Hanna fails to demonstrate that there is independent jurisdiction for his intervention. *See Security Ins.*, 69 F.3d at 1381. He admits that his case in the Circuit Court was brought pursuant to the due process clause of the Illinois Constitution, Art. I, § 2, but then states, without explanation, that "his claims also arise under the 14th Amendment to the Constitution, and the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983." Hanna's Mem. at 10. Perhaps in his own mind Hanna would like to raise a federal claim in his state court action, but until he does so, his state court case contains no such claim. Moreover, Hanna's contention that because he owns property in Cook County he is potentially subject to this Court's ruling in Count I is a non-starter. First, this case is not a putative class action, and Hanna would not be affected by any decision of this Court. In addition, Hanna fails to explain how, even if a decision by this Court could have an affect on Hanna, it would provide a basis for jurisdiction. Accordingly, Hanna fails to demonstrate an independent basis for jurisdiction, and the Court should deny his motion to intervene.

## III.    The Court Should Exercise Its Discretion to Deny Hanna's Motion.

Finally, even if the Court finds that Hanna has demonstrated a common issue of law and independent jurisdiction, the Court should exercise its discretion to deny Hanna's motion because his participation will only add unnecessary complexity and inefficiency. The bulk of Hanna's

memorandum in support of his intervention motion focuses on the intricacies of Hanna's litigation and contains almost no argument tying Hanna's claims to the Plaintiffs' in the instant case. Plaintiffs' Complaint here is 28 paragraphs and has only three counts. *See* Dkt. No. 12. Hanna's Third Amended Complaint, however, contains 304 paragraphs and 21 counts. *See* Hanna's Mem. at Ex. A. Allowing Hanna to intervene would only detract from and complicate the Plaintiffs' claims here.

Hanna's motion stands in direct contrast to the motion for permissive intervention filed by Saint Joseph Hospital ("Saint Joseph"), which this Court granted. Saint Joseph will be directly affected by the outcome of the instant case, and was a defendant with the City in the original *Commonwealth Plaza* state court case, which raised the same claims at issue here. Saint Joseph also demonstrated in their motion to intervene that they would raise the same defenses in a motion to dismiss as the City, which they have done. Thus, for purposes of consistency and efficiency, it made sense to grant Saint Joseph's motion to intervene. *See, e.g., Security Ins.*, 69 F.3d at 1381.

Moreover, granting Hanna's motion at this stage, while the City's and Saint Joseph's motions to dismiss are pending would be premature. The defendants raise procedural contentions in their motions to dismiss – *res judicata*, collateral estoppel, statute of limitations, and the *Rooker-Feldman* abstention doctrine – which have strong support in the law. Hanna does not argue that these arguments are relevant to his pending action, nor could he. Because the Court may grant the defendants' motions based on some or all of these grounds, it is possible that this Court will not even get to the merits of Plaintiffs' claims, and thus, Hanna's intervention would be completely irrelevant.

Finally, Hanna would not be prejudiced if the Court were to deny his motion. His case is currently pending in the Circuit Court of Cook County, and thus, he has a mechanism to have his

Illinois constitutional claims heard.

## CONCLUSION

For all the foregoing reasons, defendant City respectfully requests that this Court deny Albert

C. Hanna's Motion to Intervene, and grant such other relief as this Court deems just and appropriate.

Dated: September 21, 2011                                    Respectfully submitted,

Michael J. Dolesh                                            STEVEN R. PATTON,
City of Chicago Department of Law                            Corporation Counsel
30 N. LaSalle, Suite 1230                                    for the City of Chicago
Chicago, Illinois 60602
(312) 744-9028                                               By:  /s/ Michael J. Dolesh

## CERTIFICATE OF SERVICE

I, Michael J. Dolesh, an attorney, hereby certify that on September 21, 2011, I caused a copy

of the foregoing **Defendant City of Chicago's Response in Opposition to Albert C. Hanna's**

**Motion to Intervene** to be served via electronic case filing (ECF) on:

> Reuben L. Hedlund
> Jason J. Weigand
> McGuire Woods LLP
> 77 West Wacker Drive
> Suite 4100
> Chicago, Illinois 60601
>
> William J. McKenna
> Benjamin B. Folsom
> Foley & Lardner LLP
> 321 North LaSalle Street, Suite 2800
> Chicago, Illinois 60654
>
> Thomas J. Ramsdell
> Howard & Howard Attorneys PLLC
> 200 S. Michigan Ave., Suite 1100
> Chicago, IL 60604

/s/ Michael J. Dolesh