UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMONWEALTH PLAZA CONDOMINIUM ASSOCIATION, an Illinois Not-For-Profit Corporation; SUHAIL AL CHALABI; VIRGINIA M. HARDING; and DARREN MOSS,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF CHICAGO, a Municipal Corporation,<br><br>    Defendant.<br><br>and<br><br>SAINT JOSEPH HOSPITAL, an Illinois Not-For-Profit Corporation,<br><br>    Defendant-Intervenor. | Case No. 11 C 02923<br>Judge Marvin E. Aspen<br><br>**SAINT JOSEPH HOSPITAL'S OPPOSITION TO ALBERT C. HANNA'S MOTION TO INTERVENE** |

## **INTRODUCTION**

Intervenor Albert C. Hanna ("Hanna") attempts to drastically expand the scope of this case with wholly unrelated legal and factual issues from his ongoing Illinois state court litigation regarding City of Chicago ordinances not before this Court. Hanna further fails to follow the Federal Rules of Civil Procedure in his attempted intervention. The Court should not permit Hanna to hijack the narrow and defined issues regarding a particular Institutional Planned Development that are presently before the Court and should refuse to allow him to use this venue as a forum to exit the state court system, after five years of litigation, solely to promote and further his case against the City of Chicago. Rather, the Court should stay or deny Hanna's

CHI2_2658937.1

Motion to Intervene for at least three reasons. First, the Court should defer a ruling on Hanna's Motion to Intervene, because it is premature given the Motions to Dismiss pending before the Court. Should the Court grant either of the Motions to Dismiss, Hanna's Motion to Intervene becomes moot.

Second, even if the Court were to entertain Hanna's Motion to Intervene, the Court should deny it, because Hanna did not comply with Federal Rule of Civil Procedure 24(c), which requires that he attach his proposed pleading to be filed in this Court should the Court grant intervention. Hanna did not attach his proposed pleading. Thus, Saint Joseph Hospital ("Saint Joseph") and the City of Chicago (the "City") do not have fair notice of the claims Hanna plans to assert in this matter and cannot fully evaluate and respond to Hanna's Motion to Intervene. It is impossible to determine at this point whether this Court even has subject matter jurisdiction over his proposed claims.

Third, the Court should deny Hanna's Motion to Intervene on the ground that, whatever form Hanna's pleading in this Court will take, it will dramatically expand the matters before this Court and will therefore unduly delay and prejudice the adjudication of the rights of the original parties. While Hanna asserts that there is a very general shared question of law between Hanna's state-court litigation and Plaintiffs' claims here, Hanna's claims involve a complex, protracted and ongoing five-year battle with the City of Chicago over the validity of the Chicago Landmark Ordinance and raise a host of legal and factual issues not at issue in the main action. The claims and defenses of the parties presently before the Court do not implicate the Chicago Landmark Ordinance in any way. Instead, the claims and defenses currently before the Court deal with a particular Institutional Planned Development and a particular piece of property, which conversely, are completely absent from any of Hanna's claims.

Finally, Hanna would not be prejudiced if the Court were to deny the Motion to Intervene, because he can seek adjudication of his claims before the Illinois state courts, where he has been litigating his still-pending claims against the City of Chicago for the last five years. In fact, Hanna's Motion to Intervene merely highlights that it is appropriate for the Court to apply the *Rooker-Feldman* doctrine in this matter, as Hanna is using this Court as a means to review decisions of Illinois state courts and shortcut the judicial process there.

## ARGUMENT

### A. The Court Should Defer its Decision on Hanna's Motion to Intervene.

Saint Joseph and the City each filed Motions to Dismiss Plaintiffs' Amended Complaint in its entirety asserting that all of Plaintiffs' claims are barred by a combination of res judicata, collateral estoppel, the *Rooker-Feldman* doctrine and statute of limitations. Briefing has been completed on these Motions and the Court scheduled a status/ruling date for October 27, 2011. [Dkt. 37, 38, 41.] Hanna states in his Motion to Intervene [Dkt. 34, at ¶ 10] and his supporting Memorandum [Dkt. 35, at p. 10] that he does not anticipate filing any briefs in connection with the Motions to Dismiss. Therefore, if the Court were to dismiss Plaintiffs' claims, there would be no case in which Hanna could intervene and his Motion to Intervene would be rendered moot. Thus, in the interest of judicial economy, the Court should proceed to rule on the Motions to Dismiss prior to entertaining and deciding Hanna's Motion to Intervene. If the Court grants the Motions, Hanna's Motion to Intervene would be mooted. If the Court denies the Motions, it can then proceed to decide Hanna's Motion to Intervene. In either case, Hanna would not be prejudiced.

### B. Legal Standard for Permissive Intervention.

Federal Rule of Civil Procedure 24(b) provides that "[o]n timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a

3

common question of law or fact." Fed. R. Civ. P. 24(b) (emphasis added). A court has considerable discretion in granting or denying an application to intervene. *Coburn v. Daimlerchrysler Servs. N. Am., L.L.C.*, 218 F.R.D. 607, 609 (N.D. Ill. 2003). The applicant must timely seek intervention and the court must possess independent jurisdiction over the proposed claims. *Id.* "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A court should also consider whether denying intervention would prejudice the applicant's rights. *Coburn*, 218 F.R.D. at 609. Rule 24 requires an applicant to attach a proposed pleading to its motion to intervene setting forth the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c).

  **C. Hanna's Motion to Intervene Should Be Denied Because He Failed to Comply with Federal Rule of Civil Procedure 24(c).**

  In order to intervene in federal court, the party seeking to intervene must attach its proposed pleading "that sets out the claim or defense for which intervention is ought" to its motion to intervene. Fed. R. Civ. P. 24(c). This is more than a mere technical requirement, because a court must review the applicant's proposed claims or defenses to determine whether they have a sufficient nexus with the claims in the main action. Fed. R. Civ. P. 24(b)(1)(B); *Chicago Import, Inc. v. Am. States Ins. Co.*, No. 09-C-2885, 2010 WL 3385539, at *6 (N.D. Ill. Aug. 24, 2010) (finding it "impossible to determine" whether intervenor met permissive intervention standard where it failed to comply with Rule 24(c)'s pleading requirement); *Gen. Ins. Co. of Am. v. Clark Mali Corp.*, No. 08 C 2787, 2010 WL 807433, at *8 (N.D. Ill. Mar. 10, 2010) (same). Furthermore, the court must determine whether it has independent subject matter jurisdiction over the applicant's claims, and the only way to do so is to evaluate the proposed pleading.

4

Hanna does not attach a proposed pleading to his Motion to Intervene or supporting memorandum. Instead, he attaches his 21-count, 155-page (without exhibits) Third Amended Verified Complaint for Declaratory, Injunctive and Other Relief filed in the Circuit Court of Cook County ("State Court Complaint"). [Dkt. 35, Ex. A.] However, nowhere does Hanna say that he proposes to file the State Court Complaint in this action (and it would be difficult to see how he could, given his claims are currently pending in Illinois state court). While Hanna references particular Counts of the State Court Complaint [Dkt. 34 at ¶¶ 4, 8], it is unclear whether Hanna intends to bring only those Counts before this Court (he has not so pled), whether he intends to bring his entire State Court Complaint before this Court, or whether he plans to file a different pleading altogether. Without clarity on this issue, it is difficult to determine whether Hanna meets the criteria for permissive intervention under Rule 24(b).

Saint Joseph further notes that in the section of his supporting memorandum addressing jurisdiction, Hanna admits that his State Court Complaint alleges only violations of the *Illinois* Constitution. [Dkt. 35 at p. 10.] This underscores the fact that Hanna's claims are a matter of state law that belong in state court. While Hanna asserts that his claims "also arise" under the United States Constitution (and curiously asserted that the Court has jurisdiction over his "Motion" [Dkt. 35 at 11]), he has failed to so plead before either this Court or the Illinois state court. Thus, without a proposed pleading setting forth the claims Hanna plans to bring in this litigation, it is not clear if this Court even has subject matter jurisdiction over his claims (although from the face of his State Court Complaint, this Court does not have jurisdiction over the claims asserted therein).

Therefore, the Court should deny Hanna's Motion to Intervene on the ground that he did not comply with Rule 24(c) alone. However, even if the Court were to entertain Hanna's

5

Motion to Intervene absent a proposed pleading (which it should not), it should not exercise its discretion to allow permissive intervention here.

    **D.    Hanna's Proposed Intervention Would Unduly Delay or Prejudice the Adjudication of the Rights of Saint Joseph and the City.**

Hanna asserts that he should be allowed to intervene because a solitary legal issue that may arise in his state court litigation is "exactly the same" as one of the legal issues raised by Count I of Plaintiffs' Amended Complaint: Whether a home-rule municipality must follow its own ordinances in enacting new ordinances. [Dkt. 34 at ¶¶ 5-7; Dkt. 35 at p. 4.] Even assuming that Hanna's claim shares a question of law in the abstract with the main action,[1] the Court should not exercise its discretion to allow Hanna to intervene when his claims otherwise share no questions of fact or law with those brought by Plaintiff. The law is clear that the mere presence of a shared question of law by no means requires that a Court exercise its discretion in favor of permissive intervention. *Coburn*, 218 F.R.D. at 610-11 (denying permissive intervention where there was a common issue of law and fact, but where presence of intervenors would "expand the scope of discovery and prolong and complicate the trial," noting that the parties in the main action were entitled to a "just" and "speedy" determination pursuant to Fed. R. Civ. P. 1); *In re Midway Airlines, Inc.*, 154 B.R. 248, 257 (N.D. Ill. 1993) (denying motion for

---

[1] As noted above, Hanna only brings claims under the *Illinois* Constitution in his State Court Complaint, whereas Plaintiffs' claims fall under the United States Constitution. Furthermore, the Counts of Hanna's State Court Complaint that Hanna references in his filings before this Court do not allege that the failure of the City to follow its own ordinances is unconstitutional—instead he pleads that the Landmark Ordinance is vague and an unconstitutional delegation of authority pursuant to Article I, § 2 of the Illinois Constitution [Dkt. 35, Ex. A at Counts I-III]; that two individual landmark district ordinances are vague and ambiguous pursuant to Article I, § 2 fo the Illinois Constitution (*Id.* at Counts IV-V); and that the two landmark districts violate the equal protection and substantive due process provisions of Article I, § 2 of the Illinois Constitution (*Id.* Counts VI-XXI) Saint Joseph adopts by reference the City's argument that, in fact, there are no shared questions of fact or law between Hanna's claims and the claims in the main action. [Dkt. 48 at pp. 4-9.]

CHI2_2658937.1

permissive intervention where, although claims of intervenor and party had common questions of law and fact, intervenor's presence would "add to legal and factual issues to be adjudicated").

Hanna's State Court Complaint involves a set of circumstances far afield from what it is currently before the Court. It exclusively focuses on an ordinance not at issue in the main action, in no way involves the Institutional Planned Development or Saint Joseph Hospital campus that is the focus of the main action, and raises a host of legal and factual issues not present in the main action. Allowing Hanna to intervene would needlessly complicate and delay this litigation.

### 1. The Landmark Ordinance Is Not At Issue in the Main Action.

Plaintiffs in the main action allege that the City enacted Institutional Planned Development No. 1019, allowing for the expansion of the Saint Joseph Hospital campus, in violation of other provisions of the Chicago Zoning Ordinance, and in doing so, Plaintiffs allege, the City violated their procedural and substantive due process rights under the United States Constitution. [Dkt. No. 12, Am. Compl. at ¶¶ 7-28.] Plaintiffs also allege that it violates federal due process for Illinois law to allow a home-rule municipality to violate its own ordinances in amending a zoning ordinance. [*Id.* at ¶¶ 21-23.] Plaintiffs' Amended Complaint does not reference or mention the Chicago Landmark Ordinance.

It would unnecessarily confuse the main action to bring in claims with respect to the Chicago Landmark Ordinance. The two Ordinances are found in separate titles of the Chicago Municipal Code. (Landmark Ordinance in Title 2; Zoning Ordinance at Title 17.) Different governmental bodies are associated with each Ordinance. (*Compare* Chicago Municipal Code § 2-120-590 (creating commission on Chicago landmarks) *with id.* at § 17-13-0100 *et seq.* (identifying various review and decision-making authorities for zoning matters).)

7

Hanna's claims as pled in his State Court Complaint require a detailed analysis of numerous provisions of the Landmark Ordinance. [Dkt. 35 at pp. 3-7, Ex. A at Count I, ¶¶ 71-154.] Any briefing, discovery or other proceedings necessary in order to adjudicate Hanna's claims with respect to the Landmark Ordinance will only delay the adjudication of the claims relating to Institutional Planned Development. Furthermore, allowing Hanna's intervention would obfuscate, rather than clarify, the issues in this Court. There would be parallel briefing on two different sets of claims—one relating to Institutional Planned Development No. 1019 and one related to the Landmark Ordinance. Hanna should not be allowed to impose his claims regarding the Landmark Ordinance in this litigation simply because the *general* legal issue of whether a municipality must follow its own ordinances in enacting or amending its ordinances may also be present in a completely different context in his state court litigation. Hanna's claims regarding the Landmark Ordinance should remain in Illinois state court where they are currently pending.

> **2.  Hanna's Claims Raise a Litany of Legal and Factual Issues Not Present in the Main Action.**

Hanna alleges that his claims share a question of law with Count I of Plaintiffs' claim in the main action,[2] but in reality Hanna asserts a host of legal claims not raised by Plaintiffs which are based on unrelated facts. For example, Hanna devotes a significant portion of his memorandum in support of his Motion to Intervene to a description of his claim[3] regarding the procedural minutiae of the Landmark Ordinance that he asserts create a "false impression" that the City takes certain actions and lead the City to "deceptively fail" to inform owners of

---

[2] Evidence of that Hanna is reaching to create a nexus between his claims and those of Plaintiffs here, is that his claim of a shared question of law hinges on a footnote in the City's reply brief in support of a status report in the state court litigation. [Dkt. 35, Ex. C at pp. 1-2, n.1.] Hanna does not provide any pleadings, briefing or orders showing that the issue of whether a municipality must follow its own ordinances in enacting new ordinances is actually a "central legal question" in that litigation, as he alleges. [Dkt. 35 at 4.]

[3] Count I of Hanna's State Court Complaint.

8

proposed landmarks of a list of eight specific categories of "technical and financial information attendant to the impact of landmarking." [Dkt. 35 at pp. 5-8.] This claim has nothing to do with the enactment of an Institutional Planned Development or the Zoning Ordinance. Such a claim would serve no purpose other than to distract the Court from the issues in dispute in the main action. Moreover, given that Hanna apparently believes that evidentiary hearings may need to be held with respect to that claim [Dkt. 35, Ex. B at 3-4], allowing Hanna to bring his claims in this case will only delay the adjudication of Plaintiffs' claims in the main action, thus prejudicing Saint Joseph and the City, both of whom are seeking closure to over five years of litigation in the Illinois state court system.

Hanna also asserts claims with respect to the validity of the Arlington-Deming Historic District (the "ADD") (where Hanna resides) and the East Village District under the Illinois Constitution. [Dkt. 35, Ex. A at Counts IV –XXI, pp. 48-155.] Hanna believes that these claims may also need to proceed to a trial on the merits. [*Id.* at Ex. B, pp. 5-7.] These claims include sundry facts which have no relevance to the main action here:

- 70 specific facts purporting to show that the ADD is substantially similar to other neighborhoods in the City and is being unfairly burdened, including detailed comparisons of the ADD to Hyde Park neighborhoods [Dkt. 35, Ex. A at pp. 58-65];

- 347 facts purporting to illustrate that the classification of the ADD as a landmark district is arbitrary, unreasonable and capricious, including allegations of deception and misinformation on the part of certain Chicago officials and allegations regarding the loss or property values of Hanna and other owners within the ADD district [*Id.* at pp. 65-102];

- 64 facts purporting to show that the EVD is substantially similar to other neighborhoods in the City and is being unfairly burdened [*Id.* at pp. 104-136]; and

- Factual allegations relating to the relationship between race and land planning in Chicago [*Id.* at pp. 9-16].

9

The list goes on. None of the above factual allegations have any relevance to the subject matter of the claims brought by Plaintiffs in the main action. Allowing Hanna to proceed with them here would unduly delay the adjudication of Saint Joseph's rights, as these claims progress through potential discovery and evidentiary hearings.

### 3. Hanna's Claims Have Nothing to Do with Institutional Planned Development No. 1019 or the Saint Joseph Campus.

The main action centers on the enactment of Institutional Planned Development No. 1019 ("IPD"), which allowed for the expansion of the Saint Joseph campus. [Dkt. 12, ¶10, Ex. 5.] The IPD contemplated expansion of the hospital building and emergency center, as well as construction of accessory uses, including a medical office building and parking. (*Id.*) As Saint Joseph has noted before, after years of litigating in state court, it is now ready to begin construction of the expansion projects envisioned by the IPD. [Dkt. 38 at p. 2.] Hanna's State Court Complaint never even mentions Saint Joseph, the IPD, or any other Institutional Planned Development. Allowing Hanna to intervene with unrelated claims regarding the Landmark Ordinance would prejudice Saint Joseph, because the adjudication of his claims, including any evidentiary hearings, would result in a delay of the adjudication of the claims relating to the IPD, thus depriving Saint Joseph of finality and certainty with respect to its construction plans. This prejudice against Saint Joseph, like the inevitable delay that would arise from the disparate factual and legal issues raised by Hanna's claims, weighs against permitting Hanna to intervene.

### E. Should the Court Deny Hanna's Motion, Hanna Would Suffer No Prejudice.

Finally, if the Court denies Hanna's Motion, Hanna will suffer no prejudice, because he can still litigate his claims in the forum in which they were brought and remain pending today—the Circuit Court of Cook County. In fact, Hanna's Motion to Intervene only highlights the application of the *Rooker-Feldman* doctrine to the main action. Both Plaintiffs

and Hanna ask this Court to act as an appellate court sitting in review of decisions by the Illinois Supreme Court and Illinois Appellate Court that home rule municipalities need not follow its prior enactments in enacting new ordinances. [Dkt. 12 at Count I; Dkt. 35 at 4-5, 8-10.] Plaintiffs and Hanna are both attempting improper collateral attacks on state court judgments. [*See*, Dkt. 18-2 at 15-16; Dkt. 42 at 11-13.] Hanna's challenge is also premature, because the Circuit Court of Cook County has not yet decided, under the record before it, whether the City may disregard its prior enactments in enacting new ordinances. Therefore, Hanna is attempting to shortcut the state court judicial process and obtain a proclamation from this Court instructing the state courts how to rule. The Court should reject this improper collateral attack.

## CONCLUSION

The Court should defer its decision on Hanna's Motion to Intervene until after it decides Defendants' Motions to Dismiss, because should the Court grant either or both of those Motions as to Count I of the Amended Complaint, Hanna's Motion would be mooted. However, even if the Court were to entertain Hanna's Motion, it should use its discretion to deny permissive intervention for numerous reasons. First, Hanna did not comply with Rule 24(c) by failing to attach his proposed pleading to his Motion, making it impossible to determine whether he meets the criteria for permissive intervention. Second, Hanna's intervention would unduly delay the proceedings and prejudice the adjudication of Saint Joseph's and the City's rights, because despite an alleged "shared question of law" in the abstract, Hanna's claims involve an ordinance that is not at issue in this litigation and a myriad of legal claims not raised by Plaintiffs and based on facts with no relation to the matters in Plaintiffs' Amended Complaint. Finally, Hanna would suffer no prejudice if the Court denies intervention, because he can continue to litigate his claims against the City in Illinois state court. For all of these reasons, the Court should decline Hanna's motion for permissive intervention.

Dated: September 21, 2011            Respectfully submitted,

                                             /s/ Benjamin B. Folsom_____
William J. McKenna (#3124763)
Benjamin B. Folsom (#6292830)
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel. 312.832.4500
Fax 312.832.4700
wmckenna@foley.com
bfolsom@foley.com

*Attorneys for Defendant Saint Joseph Hospital*

## CERTIFICATE OF SERVICE

I, Benjamin B. Folsom, an attorney, hereby certify that on September 21, 2011, I electronically filed the foregoing **Saint Joseph Hospital's Opposition to Albert C. Hanna's Motion to Intervene** with the Clerk of the Court using the CM/ECF system, and further caused the same to be served on the following counsel of record via the CM/ECF system as to the following Filing Users:

| | |
|---|---|
| Reuben L. Hedlund | Michael J. Dolesh |
| Jason J. Weigland | City of Chicago, Department of Law |
| McGUIREWOODS LLP | 30 North LaSalle Street, Suite 900 |
| 77 West Wacker Drive | Chicago, IL 60602 |
| Suite 4100 | mdolesh@cityofchicago.org |
| Chicago, IL 60601 | |
| rhedlund@mcguirewoods.com | *Attorneys for Defendant City of Chicago* |
| jweigland@mcguirewoods.com | |

*Attorneys for Plaintiffs*

Thomas J. Ramsdell
Howard & Howard Attorneys PLLC
200 S. Michigan Avenue
Suite 1100
Chicago, IL 60604
Tjr2@htlaw.com

*Attorney for Plaintiff-Intervenor Albert C. Hanna*

    /s/    Benjamin B. Folsom
          Benjamin B. Folsom